UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LENKO H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C24-2035-SKV <br><br> ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of his applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings.

## BACKGROUND

Plaintiff was born in July 1961, has a high school education, and has worked as a food service manager and dough mixer. AR 28-29. Plaintiff was last gainfully employed in January 2020. AR 21.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 1

On December 17, 2021, Plaintiff applied for benefits, alleging disability as of January 7, 2020. AR 214-19. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. AR 19. After the ALJ conducted a hearing on November 9, 2023, the ALJ issued a decision finding Plaintiff not disabled. AR 19.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since January 7, 2020.

**Step two**: Plaintiff has the following severe impairments: left kidney cancer status post-surgery; lumbar spine degenerative disc disease; and inguinal hernias status post-surgery.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**: As of February 2, 2022, Plaintiff had the RFC to perform medium work, with the following additional limitations: frequent climbing, stooping, kneeling, crouching, and crawling. For the period beginning February 3, 2022, Plaintiff has the RFC to perform light work with the same postural limitations.

**Step four**: Plaintiff can perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 21-30.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 3. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 4.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

# LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

# DISCUSSION

Plaintiff argues the ALJ erred by misevaluating the medical opinion evidence, misevaluating Plaintiff's subjective symptom testimony, and failing to account for Plaintiff's non-severe impairments in formulating the RFC. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 3

### A. The ALJ Erred in Evaluating the Medical Opinion Evidence

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. *See* 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

The ALJ considered the opinion of Brian Fong, M.D., and discounted it as unsupported and inconsistent with the "workup findings." AR 28. Specifically, the ALJ found Dr. Fong did not support his opinion because he used a check-box form, did not include explanations with his answers, and "his opinion is not supported by his treatment notes." AR 28. He further found, without citation, Dr. Fong's opinion inconsistent with "remission of kidney cancer, with physical examinations showing greater capability, and with the lack of pain observations by providers." AR 28.

Dr. Fong is a urologist who treats Plaintiff and performed the surgery to remove his kidney. AR 365-66, 3017. He opined that Plaintiff would likely be off task fifteen percent of the day, could only maintain attention and concentration for less than an hour before needing a break, would likely miss three days of work a month due to fatigue, and had other moderate exertional limitations. AR 3017-20. Dr. Fong's patient notes indicate that Plaintiff was having "bothersome frequency" regarding his need to urinate, including waking up two-to-three times a night, which even maximal prescriptions did not relieve. AR 399-400 (January 2022 "nocturia x2"), AR 467-68 (August 2020 "still nocturia x2."), AR 481 (Complaining of need to urinate 2-4x a night during January 22, 2020 first follow-up appointment after kidney surgery), AR 1151 (July 2022 "but still nocturia x2 with bothersome frequency."), AR 1360 (January 2022 "still

nocturia x2 with bothersome frequency."), AR 2188 (March 2023 "nocturia x2 with bothersome frequency so now on maximal Rx with Finasteride and Flomax 0.8mg but still has frequency"), AR 2198 ("The patient is having worsening symptoms related to benign prostatic hyperplasia despite therapy. Long term side effects of continue[sic] obstruction were discussed including urinary retention, bladder dysfunction, gross hematuria, urinary tract infection, bladder stones and renal insufficiency."), AR 2970 ("left clear cell renal cell carcinoma resected on 1/2/2020"). Dr. Fong was also listed as a provider who would receive Plaintiff's medical reports, and as such presumably had an overall picture of Plaintiff's medical conditions. AR 2901. The use of a check-box form is not a proper basis to reject an opinion which treating notes support. *Garrison v. Colvin*, 759 F.3d 995, 1013, 1014 n.17 (9th Cir. 2014) (ALJ erred where "[he] failed to recognize that the opinions expressed in check-box form . . . were based on significant experience with [claimant] and supported by numerous records, and were therefore entitled to weight that an otherwise unsupported and unexplained check-box form would not merit").

    Dr. Fong also limited his opinion to his professional knowledge of Plaintiff's conditions, noting Plaintiff's primary care provider could address back issues. AR 3020. Dr. Fong's notes in the longitudinal record support his opinion of Plaintiff's difficulty with fatigue, as shown above. Plaintiff complained of urinary frequency and difficulty sleeping as early as January 2020 and consistently after that despite receiving the highest possible dose of medication. AR 481, 2188. While the ALJ additionally found, without citation, that Dr. Fong's opinion was "inconsistent with the workup findings including remission of kidney cancer, with physical examinations showing greater capability, and with the lack of pain observations by providers[,]" AR 28, none of these findings contradict Plaintiff's fatigue or urinary frequency. At the hearing, the vocational expert ("VE") testified that employers will only tolerate ten percent time off task

and one absence per month. AR 55. Accordingly, the improper evaluation of Dr. Fong's opinion that Plaintiff would be off task fifteen percent of the time and miss three days of work a month was harmful.

Because the case must be remanded for the ALJ's reconsideration of Dr. Fong's opinion evidence, potentially impacting the remainder of the ALJ's decision, the Court need not address Plaintiff's other assignments of error.

**CONCLUSION**

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Dated this 11th day of September, 2025.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge